## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREG GULICK, | |
| Plaintiff, | CIVIL ACTION NO. 3:12-CV-141 |
| v. | (JUDGE CAPUTO) |
| CITY OF PITTSTON, | |
| Defendant. | |

## **MEMORANDUM**

Presently before the Court is the Motion to Dismiss by Defendant City of Pittston. Because Plaintiff Greg Gulick fails to state a claim for a violation of his due process rights, the motion will be granted.

## I. Background

The facts as alleged in the complaint are as follows:[1]

Plaintiff Greg Gulick was employed by the Defendant City of Pittston between July 20, 2006 and September 19, 2010. Mr. Gulick worked as the code officer, zoning officer, and administrative assistant.

In 2009, Mr. Gulick actively supported then-Mayor Joseph Keating in his campaign for re-election. Mr. Keating lost to Jason Klush in the May 2009 primary, and Mr. Klush became Pittston's mayor in 2010.

Mayor Klush and his political supporters decided to terminate Mr. Gulick because of

---

[1] The complaint contains four counts: (1) a First Amendment claim; (2) a Fourteenth Amendment claim; (3) a state law claim for wrongful termination in violation of public policy; and (4) a Fair Labor Standards Act claim. Mr. Gulick has withdrawn his state law claim, and the City at this time moves only for the dismissal of the Fourteenth Amendment claim. Thus, only the facts relevant to the Fourteenth Amendment claim will be recited here.

his support for Mayor Klush's opponent. On September 13, 2010, the City of Pittston informed Mr. Gulick by letter that it would hold a hearing regarding his job performance. The hearing occurred on September 15, 2010. No evidence was presented, but it was determined that Mr. Gulick would be suspended. Then, on September 19, 2010, Mayor Klush called Mr. Gulick and told him that he was no longer employed by the City.

Mr. Gulick's hearing was essentially a "sham," as the City officials had already decided to terminate Mr. Gulick. Prior to suspending or terminating Mr. Gulick, the City had passed a resolution to replace him with Joe Moskovitz, a political ally of Mayor Klush who was friendly with City politicians. The City had secretly interviewed Mr. Moskovitz earlier, without posting any job advertisement for the position.

Mr. Gulick filed a complaint in the Middle District of Pennsylvania on January 25, 2012. The City of Pittston filed the instant motion to dismiss on February 27, 2012. The motion has been fully briefed and is ripe for disposition.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). The pleading standard of Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," but "[a] pleading that offers 'labels and conclusions' or a

'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1959 (2009) (quoting *Twombly*, 550 U.S. at 555). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

Thus, when determining the sufficiency of a complaint, a court must undertake a three-part inquiry. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). The inquiry involves: "(1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

### III. Discussion

Count II of Mr. Gulick's complaint alleges that the City of Pittston violated his Fourteenth Amendment right to procedural due process. The Fourteenth Amendment provides that a state may not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Courts apply a two-step test to determine whether a party's due process rights were violated by a deprivation of property, examining: "(1) whether the plaintiff has a property interest protected by procedural due process, and (2) what procedures constitute 'due process of law.'" *Schmidt v. Creedon*, 639 F.3d 587, 595 (3d Cir. 2011) (quoting *Gikas v. Wash. Sch. Dist.*, 328 F.3d 731, 737 (3d Cir. 2003)) (internal quotations omitted).

The City moves to dismiss the Fourteenth Amendment claim for two reasons. First,

it argues that Mr. Gulick did not have a protected property interest in his employment. Second, it claims that Mr. Gulick cannot claim a lack of due process when he received a pre-deprivation hearing and failed to utilize available post-deprivation remedies.

**A. Protected Property Interest**

The City fails in its first argument because Mr. Gulick has shown that his position with the City was a protected property interest. "To have a property interest in a job . . . a person must have more than a unilateral expectation of continued employment; rather, she must have a legitimate entitlement to such continued employment." *Elmore v. Cleary*, 399 F.3d 279, 282 (3d Cir. 2005) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972)). Courts look to state law to determine whether a public employee had a protected property interest in his employment. *Id.* In Pennsylvania, the general rule is that public employment is at will, meaning that an employee "has no legitimate entitlement to continued employment." *Id.* However, a statute may create a protected property right in employment. *See, e.g.*, *Rife v. Borough of Dauphin*, 647 F. Supp. 2d 431, 449 (M.D. Pa. 2009) (holding that Pennsylvania Police Tenure Act creates property interest in employment as police officer because it allows removal of officers only for cause and with certain procedures); *see also Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 430 (1982) ("The hallmark of property, . . . is an individual entitlement grounded in state law, which cannot be removed except 'for cause.'"). Here, Mr. Gulick points to the International Property Maintenance Code, incorporated in the City of Pittston's Ordinance No. 10 of 2006.[2] Section 103.2 of the Code states that "the code official shall not be removed from office except for cause and after full

---

[2] Like state statutes, local ordinances may create a property interest in employment. *See Bishop v. Wood*, 426 U.S. 341, 344 (1976).

opportunity to be heard on specific and relevant charges by and before the appointing authority." By limiting and establishing procedures for removal of the code officer, this language creates a protected property right in employment as a code officer. *See Rife*, 647 F. Supp. 2d at 449. Thus, Mr. Gulick was not merely employed at will, but had a protected property interest in his position.

**B. Due Process of Law**

The City also argues that Mr. Gulick's Fourteenth Amendment claim must be dismissed because he received due process under the law. The determination of what process is due is based on federal constitutional law. *McDaniels v. Flick*, 59 F.3d 446, 458 (3d Cir. 1995) (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985)). Generally, "a deprivation of life, liberty or property [must] 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" *Schmidt*, 639 F.3d at 595-96 (quoting *Biliski v. Red Clay Consol. Sch. Dist. Bd. of Educ.*, 574 F.3d 214, 220 (3d Cir. 2009)). Additionally, "due process requires an impartial decisionmaker before final deprivation of a property interest." *McDaniels*, 59 F.3d at 459 (citing *Schweiker v. McClure*, 456 U.S. 188, 195 (1982)). However, the Third Circuit Court of Appeals held in *McDaniels v. Flick* that an impartial decisionmaker is not required at the pre-deprivation stage. *Id.* at 460. In *McDaniels*, a terminated employee claimed that he did not receive due process because his pre-deprivation hearing was a sham and the decisionmaker was biased against him. *Id.* at 459. The Third Circuit noted that in the employment termination context, where decisions are usually made by someone who works closely with the employee, it would be impractical to require an unbiased decisionmaker in every case. *Id.* at 460. The constitutional guarantees of due process require only that "the state provide[] a neutral

tribunal at the post-termination stage that can resolve charges of improper motives." *Id.* Thus, "a discharged employee cannot claim in federal court that he has been denied due process because his pretermination hearing was held by a biased individual where he has not taken advantage of his right to a post-deprivation hearing before an impartial tribunal that can rectify any possible wrong committed by the initial decisionmaker." *Id.*; *cf. Zinermon v. Burch*, 494 U.S. 113, 126 (1990) (noting that a due process violation "is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process").

The City's motion to dismiss will be granted because, based on Mr. Gulick's allegations, he received due process. First, he admits that he had a pre-deprivation hearing. Second, the alleged bias of the decisionmaker could have been remedied by using the post-deprivation hearing procedure available under state law. "In order to state a claim for failure to provide due process, a plaintiff must have taken advantage of the processes that are available to him or her, unless those processes are unavailable or patently inadequate." *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000). Here, Mr. Gulick could have used the procedure available under Pennsylvania Local Agency Law § 752. Section 752 states that "[a]ny person aggrieved by an adjudication of a local agency[3] who has a direct interest in such adjudication shall have the right to appeal therefrom" to a Pennsylvania court. 2 Pa. Cons. Stat. Ann. § 752. In *McDaniels*, the Third Circuit held that the terminated public employee's right under § 752 to appeal the termination decision to state court constituted "sufficient process to protect his property rights." 59 F.3d at 461. Mr. Gulick could bring a

---

[3] The City of Pittston qualifies as a local agency under Pennsylvania Local Agency Law. 2 Pa. Cons. Stat. Ann. § 101.

due process claim by alleging that his appeal under § 752 was decided by a biased decisionmaker. He could also bring a due process claim by alleging that he did not utilize the procedure under § 752 because it is unavailable or patently inadequate, *see Alvin*, 227 F.3d at 116. But considering only the facts as alleged in the complaint, it appears that he received a constitutionally adequate pre-deprivation hearing and then failed to avail himself of potential post-deprivation remedies under state law. This constitutes sufficient process under the law. For this reason, Count II of Mr. Gulick's complaint must be dismissed.[4] Mr. Gulick may amend his complaint, however, to properly allege a lack of due process under the law.

## IV. Conclusion

For the reasons stated above, Defendant's motion to dismiss will be granted. An appropriate order follows.

June 13, 2012  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge

---

[4] Mr. Gulick also argues that the Fourteenth Amendment claim should not be dismissed because he also brings a First Amendment claim, and the Fourteenth Amendment incorporated the First Amendment against the states. But Mr. Gulick need not include a separate cause of action under the Fourteenth Amendment in order to state a claim for a violation of the First Amendment; it is understood that Mr. Gulick's First Amendment claim is brought by virtue of the incorporation under the Fourteenth Amendment.